**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EARL ANDREAKOS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:14-cv-1897-T-27TBM**

**HOME DEPOT, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Permission to Appeal (sic) In Forma Pauperis and Affidavit (Doc. 3), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. Section 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Upon consideration, I find that Plaintiff has failed to substantiate that he cannot afford to pay the fees associated with his lawsuit. At the time the motion and affidavit were filed, Plaintiff was in jail and reported no employment, income or assets yet more than $2,000 in monthly expenses. Plaintiff was subsequently released from jail, and the undersigned

directed that he file an amended affidavit of indigency within fourteen days. (Doc. 6). As of today's date, Plaintiff has not done so. While I recognize Plaintiff's financial condition may not have changed since being released, I am constrained to conclude that Plaintiff has not demonstrated indigency given his failure to file an amended affidavit. *See Visconti v. Astrue*, No. 3:08-cv-430-J-33MRC, 2008 WL 2385517, *1 (M.D. Fla. 2008) (stating that *in forma pauperis* status should be bestowed only upon those that are truly indigent). Accordingly, it is RECOMMENDED that the court DENY Plaintiff's Motion (Doc. 3) and direct him to pay the requisite filing fee to the Clerk with fifteen (15) days.

> Respectfully submitted on this
> 15th day of January 2015.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff